IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OTIS L. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-112 (MTT) |
| | ) |
| Major HARRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the defendants' motion to dismiss (Doc. 23) in this 42 U.S.C. § 1983 action.  Doc. 27.  Plaintiff Otis Barnes timely objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the Recommendation to which Barnes objects.  The defendants' objection (Doc. 31)—filed twenty-eight days after the Magistrate Judge's Recommendation—is untimely and will not be considered by the Court.[1]  *See* 28 U.S.C. § 636(b)(1).

Barnes's problems began when he was assaulted by a group of unknown offenders while incarcerated, resulting in an injury to his eye that required stitches and multiple operations.  Doc. 1-1 at 5.  But Barnes does not seek to recover under a failure-

---

[1] Even if the Court reviewed *de novo* the portions of the Recommendation to which the defendants object, the result would be the same.  As the Magistrate Judge noted, the defendants "did not file a reply to [Barnes's] response or oppose the suggestion that GSP Grievance No. 311488 relates to or exhausted Plaintiff's claims."  Doc. 27 at 8.  The exhaustion of administrative remedies is an affirmative defense to which the defendants carry the burden of persuasion and production.  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  The defendants have not carried that burden, and thus are not entitled to dismissal on exhaustion grounds.

to-protect theory, rather, Barnes's Eighth Amendment claim seeks to impose liability on the defendants for failing to treat a variety of mental health conditions that Barnes developed in the aftermath of the assault. *See* Docs. 1; 1-1. Specifically, Barnes contends the defendants' deliberate indifference to his mental health conditions led to suicide attempts and other forms of self-harm. Doc. 1 at 5. Barnes requests nominal, compensatory, and punitive damages. Doc. 1-1 at 7.

The Magistrate Judge reasoned compensatory damages were barred because Barnes has not alleged a physical injury of the nature required by the Prison Litigation Reform Act ("PLRA").[2] Doc. 27 at 10-11 (citing 42 U.S.C. § 1997e(e)). To recover compensatory damages under the PLRA, the physical injury must be more than *de minimis* and must be connected to the alleged unconstitutional act. *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). Attempted suicide, alone, does not constitute a physical injury under the PLRA because allowing recovery for "physical manifestations of purely mental or emotional injury" undermines the PLRA's purpose of curtailing frivolous and abusive prisoner litigation. *Dipietro v. Barron*, 2019 WL 11879042, at *17-18 (M.D. Ga. Nov. 14, 2019), *report and recommendation adopted as modified,* 2020 WL 8969969 (M.D. Ga. Jan. 3, 2020); *see Morrill v. Holmes Cty. Jail*, 2018 WL 7082149, at *9 (N.D. Fla. Jan. 30, 2018) ("[T]he Court concludes that self-inflicted injuries do not, and cannot, rise to the level of a physical injury under the PLRA."); *Corbin v. Adams*, 2020 WL 3105954, at *2 n.3 (S.D. Ga. May 21, 2020) ("Plaintiff's act of cutting himself after [another inmate] was placed in his cell … does not satisfy this

---

[2] Specifically, the PLRA states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e).

physical injury requirement."). The same holds true here. Barnes's objection makes clear that he seeks compensatory damages because the defendants "did not appropriately treat or medicate any of [his] health conditions, which led to [his] suicide attempts." Docs. 29 at 1; 30 at 1. And while Barnes submitted medical records to show he has attempted suicide "by hanging and cutting his wrists," that doesn't help him. Docs. 29 at 2; 30 at 2; 29-1; 30-1. Self-harm, by whatever means, is simply not the type of "physical injury" required to recover compensatory damages under the PLRA.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 27) is **ADOPTED** and made the order of the Court. The defendants' motion to dismiss (Doc. 23) is **GRANTED in part** as to Barnes's claims for compensatory damages and **DENIED in part** as to all remaining grounds.

**SO ORDERED**, this 29th day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT